IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY HER; RACHEL YANG, | 2:08-cv-233-GEB |
| Plaintiffs, | |
| v. | ORDER* |
| CAREER SYSTEMS DEVELOPMENT CORPORATION, | |
| Defendant. | |

On August 27, 2008, Plaintiffs filed a motion for leave to amend their complaint; specifically Plaintiffs seek to add a state claim for disability discrimination under California's Fair Employment and Housing Act. Defendant counters Plaintiffs have failed to demonstrate the requisite good cause needed to amend the Status (Pretrial Scheduling) Order ("Scheduling Order"). (D. Opp'n at 3:7-28.)

---

* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1        Although Plaintiffs did not specifically request that the
2 court modify its Scheduling Order and merely moved to amend their
3 Complaint, the motion is treated as a de facto motion to amend the "No
4 further [ ] amendments" language in the Scheduling Order issued on
5 April 23, 2008.  Rule 16(b)'s "good cause" standard governs the
6 decision whether to amend a Scheduling Order issued under Rule 16 of
7 the Federal Rules of Civil Procedure.  This "standard primarily
8 considers the diligence of the party seeking the amendment.  The
9 district court may modify the pretrial schedule if it cannot
10 reasonably be met despite the diligence of the party seeking the
11 [amendment]."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609
12 (9th Cir. 1992) (internal citations omitted).
13        Plaintiffs' assert they have been diligent, since their
14 present counsel " has only been employed [] for seven weeks and just
15 learned of [Plaintiff's former counsel's] oversight in not previously
16 pleading [the state] disability discrimination claim."  (Pl. Mot. at
17 4:22-25.)  However, Plaintiffs concede that "the facts supporting the
18 [state] disability discrimination claim [they seek to add] are already
19 part of the complaint," (Pl. Mot. At 4:19-20), and fail to provide an
20 explanation as to why the alleged oversight of Plaintiffs' earlier
21 counsel is sufficient to satisfy Plaintiffs' burden under the good
22 cause standard.  See generally, Tapia v. Woods, 2007 U.S. Dist. LEXIS
23 80025 *2-6 (E.D. Cal. 2007)(holding reassignment of an action to a new
24 attorney in the same office does not constitute good cause).
25 Generally, [t]he Federal Rules of Civil Procedure, Local Rules, and
26 Court's scheduling orders are not to be set aside or disregarded
27 because an attorney new to the case has different ideas
28 . . ."  Id. at *4.

If Plaintiffs' former attorney failed to include the claim in the complaint or to seek to add it by amendment because of carelessness, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609.  Therefore, Plaintiffs' motion for leave to amend is denied.

Dated:  October 7, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge