1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHNNY HER, et al.,

11          Plaintiffs,                    No. CIV S-08-0233 GEB GGH

12      vs.

13   CAREER SYSTEMS DEVELOPMENT

14    CORPORATION,

15          Defendant.                    <u>ORDER</u>

16   _____/

17          Filed with the Clerk of the Court on April 29, 2009, was defendant's "ex parte

18   application for a stay of discovery pending resolution of its motion for protective order."

19   Defendant filed an opposition on April 29, 2009.

20          E.D. Local Rule 6-144(e) provides that <u>ex parte</u> applications to shorten time will

21   not be granted except upon affidavit of counsel showing a satisfactory explanation for the need

22   for the issuance of such an order.

23          Defendant's filing seeks to prevent production of documents by third party United

24   States Department of Labor until after defendant's motion for protective order may be heard on

25   June 11, 2009.  Production of documents by the United States is scheduled for April 30, 2009 at

26

5:00 p.m. Def.'s Ex. 1. Defendant filed the motion for protective order on April 29, 2009.[1]

Defendant states that it did not receive notice of the third party subpoena until April 6, 2009.

The declaration of Shauna Durrant states that she attempted to meet and confer with plaintiffs'

counsel on April 23, 2009, but on April 27, 2009, the parties were unable to resolve the dispute.

Defendant claims the subpoena is overbroad, harassing, irrelevant, and significantly burdensome.

The declaration does not further explain these objections.

Defendant's ex parte application will be denied for the following reasons. First,

defendant has not properly brought its ex parte application as an application for order shortening

time under E.D. Local Rule 6-144(e). Second, and more importantly, by its own admission

defendant has been aware of this subpoena since April 6, 2009, yet did not attempt to

communicate with plaintiff until April 23, seventeen days later. Defendant did not file any notice

to the court until the day prior to the date for production. Not only has defendant lacked

diligence in bringing the matter, defendant has given insufficient time for plaintiff to oppose the

request, and for the court to act on the request.

Thus, defendant has improperly brought an ex parte request for order shortening

time, and has failed to provide a satisfactory explanation for shortening time for this court to hear

the request. Consequently, IT IS ORDERED that defendant's ExParte Application for a Stay of

Discovery Pending Resolution of Its Motion for Protective Order is DENIED.

DATED: April 30, 2009

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH/076/Her0233.ost.wpd

_____

[1] Both the instant ex parte request and the motion for protective order were initially filed
on April 28, 2009 and noticed in front of Judge Burrell.